DISCIPLINARY PROCEEDINGS
DIXON, Chief Justice.
In this disciplinary proceeding Daniel R. Schmidt is accused of two specifications of misconduct. In the first specification he is charged with settling a case without the consent of his client, forging her name on the settlement check and converting and commingling the proceeds. The second specification is a similar charge of settling a case without the consent of his client, forging her name and converting and commingling the proceeds. The evidence is clear and convincing and warrants discipline. The conduct of the respondent is similar to previous conduct that has already led to his being disbarred by this court. Louisiana State Bar Association v. Schmidt, 506 So.2d 1186 (La.1987). This court retains jurisdiction over attorneys who have been previously disbarred. Louisiana State Bar Association v. Krasnoff, 515 So.2d 780 (La.1987).
Schmidt was retained by Janet Costanza to represent her in a personal injury case. Without her consent, Schmidt reached a settlement with Crawford and Company, insurance adjusters. On or about April 24, 1986, Schmidt received Crawford’s settlement check in the amount of $5,750. He forged Ms. Costanza’s signature on the draft and collected the proceeds. Subsequently, the insurance adjuster contacted Ms. Costanza and asked her to sign a release. It was at this point that she discovered that the case had been settled, and realized that Schmidt had kept the proceeds for himself. Ms. Costanza employed another attorney and reached a settlement of $5,750 with Crawford. To date, Crawford has.not been reimbursed by Schmidt.
In the second specification, Schmidt was retained by Vera Newman in a personal injury suit. On December 12, 1985, Allstate Insurance Company issued a draft in the amount of $10,000 payable to Vera Newman, as mother and guardian of John Newman, Jr., and their attorney, Daniel Schmidt. The draft was forwarded to *623 Schmidt. Allstate subsequently discovered that Schmidt had forged Newman’s signature and later settled with her for $10,000. Allstate has not been reimbursed by Schmidt.
The commissioner found that:
“In the case at hand, Mr. Schmidt failed to promptly notify his clients that their case had been settled and further failed to notify them of the receipt of their funds. In addition, he failed to promptly deliver the funds to his clients and failed to render an appropriate accounting to his clients of funds received. DR 9-102(A) & (B), Louisiana Code of Professional Responsibility. In addition, the conclusion must be drawn that Mr. Schmidt actually converted his clients’ funds to his own use and concealed this fact from his clients, who only received knowledge of the facts when their claims were asserted against the insurance companies after Mr. Schmidt had received the drafts, at which time they were told that their claims had already been paid.”
Schmidt was disbarred effective June 1, 1987 for almost identical conduct occurring in February of 1985. The misconduct in the instant case occurred in December of 1985 and April of 1986, prior to his disbarment, but after the prior misconduct. In the instant case, Schmidt is guilty of engaging in a pattern of misconduct like that for which he was previously disbarred.
The violations for which Schmidt has been adjudged guilty amount to serious misconduct. He has acted in bad faith and intended a result inconsistent with his clients’ interests. He committed forgery in connection with the violations. There are several aggravating circumstances present: prior disciplinary offenses, vulnerability of victims, dishonesty, a pattern of misconduct, and no restitution.
Despite the fact that respondent has been found guilty of serious misconduct, another disbarment would serve no useful purpose. He is, nonetheless, adjudged guilty of these additional violations and they will stand on his record for consideration should he petition for readmission in the practice of law. Further, Schmidt will be required to make restitution to Crawford and Company in the amount of $5,750 and to Allstate Insurance Company in the amount of $10,000. He shall furnish proof of restitution to the Committee on Professional Responsibility before he will be considered for readmission. In addition, the period of time that must elapse before he will be allowed to petition for readmission into the practice of law shall extend for five years from the time that this opinion becomes final. Respondent is to bear all costs of these proceedings.